Frank L. Bernstein (SBN 189504)
fbernstein@ipsingularity.com
SINGULARITY LLP
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Tel. 650.720.4588
Fax: 650.720.4662

Jonathan H. Margolies (*pro hac vice* motion to be filed)
jhmargolies@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Tel. 414.271.6560
Fax. 414.277.0656

J. Donald Best (SBN 146984)
jdbest@michaelbest.com
Kenneth M. Albridge III (*pro hac vice*)
kmalbridge@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
Tel. 608.257.3501
Fax. 608.283.2275

Attorneys for Plaintiff and Counter-Claim Defendants
AAVID THERMALLOY LLC and
BOYD CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AAVID THERMALLOY LLC,<br><br>Plaintiff,<br><br>v.<br><br>COOLER MASTER CO., LTD. and CMI USA, INC.,<br><br>Defendants. | Case No. 4:17-cv-05363-JSW<br><br>**AAVID THERMALLOY LLC'S AND BOYD CORPORATION'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COOLER MASTER CO., LTD'S COUNTER-CLAIMS III & IV**<br><br>**Date: June 1, 2018**<br>**Time: 9:00 a.m.**<br>**Courtroom: 5, 2nd Floor**<br><br>**Honorable Jeffrey S. White** |

| |
|---|
| COOLER MASTER CO., LTD.,<br><br>Counter-Claim Plaintiff,<br><br>v.<br><br>AAVID THERMALLOY LLC and BOYD CORPORATION,<br><br>Counter-Claim Defendants. |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT Plaintiff and Counter-Claim Defendant Aavid Thermalloy, LLC ("Aavid") and Counter-Claim Defendant Boyd Corporation ("Boyd") (together "Counter-Claim Defendants") respectively move the Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted) dismissing with prejudice Defendant and Counter-Claim Plaintiff Cooler Master Co., Ltd.'s Counter-Claims III and IV. The motion will be heard on June 1, 2018 at 9:00 a.m., or as soon thereafter as the matter can be heard by the Honorable Jeffrey S. White in Courtroom 5, 2nd Floor of the above titled Court at 1301 Clay Street, Oakland CA 94612.

Counter-Claim Defendants motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the counter-claims, the proposed order, and such other evidence and argument as the Court permits to be heard.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant and Counter-Claim Plaintiff Cooler Master Co., Ltd. ("Cooler Master") asserts four counter-claims against Counter-Claim Defendants. They are *all* based on Cooler Master's allegations that Counter-Claim Defendants misappropriated trade secrets from Cooler Master. (*See* Dkt. 27, Countercls. ¶¶ 1, 21, 30-40.) The facts alleged by Cooler Master fail to state a claim under California's Unfair Competition Law and under common law of intentional interference with prospective economic advantage because those claims are based on the same nucleus of facts as its trade secret misappropriation claim and thus, are preempted by CUTSA.

Accordingly, Counter-Claim Defendants respectfully move this Court to dismiss Cooler Master's Counter-Claims III and IV with prejudice.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Cooler Master's counter-claims asserting a violation of California Unfair Competition Law and an intentional interference with prospective economic advantage in violation of common law are preempted by the California Uniform Trade Secrets Act?

## III. STATEMENT OF RELEVANT FACTS

On Cooler Master's "information and belief," sometime in 2016 a third-party customer requested that Aavid conduct performance testing and validation of "non-public 'vapor chamber' product samples that were claimed to have originated from Cooler Master." (*See* Dkt. 27, Countercls. ¶ 22.) Cooler Master further alleges that these product samples included "prototypes that were not yet released to the public" and that they contained "trade-secret information of Cooler Master." (*Id.*, ¶¶ 22, 25.)

Cooler Master goes on to allege that Counter-Claim Defendants "misappropriate[ed] and misus[ed] confidential and trade-secret information obtained from independent testing for their own competitive purposes." (*See* Dkt. 27, Countercls. ¶ 21.) Cooler Master also alleges that Aavid misused "trade-secret information . . . for unfair competition purposes" and thus, were "unjustly enriched by the misappropriation and misuse of the trade-secret information embodied in the Non-Public Samples." (*Id.*, ¶¶ 27, 29.)

In its specific counter-claim allegations, Cooler Master alleges that Counter-Claim Defendants violated the federal Defend Trade Secrets Act and the California Uniform Trade Secrets Act ("CUTSA") because they "used improper means to acquire knowledge of trade-secret information . . . , acquired the trade-secret information under circumstances giving rise to a duty to maintain its secrecy or limit its use, and derived the trade-secret information from or through the Third-Party Customer who owed a duty to Cooler Master to maintain its secrecy and limit its use." (*Id.*, ¶¶ 32, 35.) Cooler Master goes on to allege that its claims asserting Counter-Claim Defendants' violation of California's Unfair Competition Law and intentional interference with prospective economic advantage are based on the exact same allegations supporting its trade-

secret claims. (*See id.*, ¶ 37 ("The acts and conduct of Counter-Claim Defendants *as alleged above* further constitute [violation of California's Unfair Competition Law]." (emphasis added)), ¶ 39 ("Counter-Claim Defendants have jointly and severally committed intentional interference with prospective economic advantage of Cooler Master by *the alleged conduct and acts above*." (emphasis added)).)

## IV. ARGUMENT

### A. Motion to Dismiss Standard

Seeking to dismiss a count for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court can dismiss claims based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Here, the facts alleged by Cooler Master fail to state a claim under California's Unfair Competition Law and under common law of intentional interference with prospective economic advantage because those claims are based on the same nucleus of facts as its trade secret misappropriation claim and thus, are preempted by CUTSA.

### B. Cooler Master's Unfair Competition and Intentional Interference Claims are Preempted by Cooler Master's California Uniform Trade Secrets Act Claim.

"Under California law, [the California Uniform Trade Secrets Act] provides the exclusive civil remedy for conduct falling within its terms and supersedes other civil remedies based upon misappropriation of a trade secret." *Waymo, LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017) (citing Cal. Civ. Code § 3426.7; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 201, 236, 109 Cal. Rptr. 3d 27 (2010)). Simply put, to the extent a common law claim is based on facts serving as the basis for a trade secret misappropriation claim, CUTSA preempts all such claims. *Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 U.S. Dist. LEXIS 182838, at *8 (N.D. Cal. Nov. 3, 2017). Therefore, the CUTSA preempts unfair competition claims brought under § 17200 of the California Business and Professions Code and intentional interference with prospective economic advantage claims when they are based on the "identical nucleus of facts as the trade secrets misappropriation claim." *Webpass Inc. v. Banth*, No. C14-

02291 HRL, 2014 U.S. Dist. LEXIS 175102, at *10-11 (N.D. Cal. Dec. 18, 2014); *see also* *Waymo, LLC*, 256 F. Supp. 3d at 1062 and *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (finding the CUTSA "preempts Digital's claims for unfair competition and unjust enrichment since those claims are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief").

Here, Cooler Master's unfair competition and intentional interference with prospective economic advantage claims are superseded or preempted by CUTSA. All Cooler Master's claims are based on the same alleged nucleus of facts, *i.e.*, that Counter-Claim Defendants misappropriated and misused Cooler Master's trade-secret information. (*See* Dkt. 27, Countercls. ¶¶ 30-40.) Indeed, Cooler Master's unfair competition and intentional interference with prospective economic advantage claims specifically reference the allegations of its trade-secret misappropriation claim as supporting those other claims. (*See id.*, ¶¶ 37, 39.)

Moreover, Cooler Master's vague reference to "confidential" information in addition to "trade-secret information" does not save its claims from being superseded. (*See id.*, ¶¶ 21, 25.) First, both references to confidential information denote the exact same underlying information as that which is also labeled "trade-secret information," thereby making the allegations based on the exact same nucleus of facts. Second, "CUTSA also supersedes claims based on alleged misappropriation of non-trade secret information unless some other provision of positive law grants a property right in that information." *Waymo, LLC*, 256 F. Supp. 3d at 1063. There is no other provision of positive law referenced by Cooler Master that would give it some separate property right in the information referenced besides CUTSA. Indeed, even if Cooler Master were to argue that it was attempting to "plead in the alternative" until a ruling is made on its trade-secret misappropriation claims, such pleading is not permitted in light of the sweeping reach of CUTSA's preemption. *See Waymo, LLC*, 256 F. Supp. 3d at 1064 ("because the amended complaint fails to plead that some other provision of positive law qualitatively different from trade secret law grants Waymo a property right in its 'confidential information,' CUTSA supersedes Waymo's Section 17200 claim based on misappropriation of said information regardless of whether or not it would ultimately qualify for trade secret protection").

Accordingly, Cooler Master's unfair competition and intentional interference with prospective economic advantage claims fail as a matter of law.

## V. CONCLUSION

Cooler Master's unfair competition and intentional interference with prospective economic advantage counter-claims are based on the exact same nucleus of facts as its trade-secret misappropriation counter-claims. Thus, the unfair competition and intentional interference with prospective economic advantage counter-claims are superseded by California's Uniform Trade Secret Act and must be dismissed.

Dated: March 14, 2018

MICHAEL BEST & FRIEDRICH LLP

By: /s/ *Kenneth M. Albridge III*

J. Donald Best (SBN 146849)
jdbest@michaelbest.com
Kenneth M. Albridge III (*pro hac vice*)
kmalbridge@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
Tel. 608.257.3501
Fax. 608.283.2275

Jonathan H. Margolies (*pro hac vice* motion to be filed)
jhmargolies@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Tel. 414.271.6560
Fax. 414.277.0656

SINGULARITY LLP

Frank L. Bernstein (SBN 189504)
fbernstein@ipsingularity.com
SINGULARITY LLP
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Tel. 650.720.4588
Fax. 650.720.4662

Attorneys for Plaintiff and Counter-Claim Defendants
AAVID THERMALLOY LLC and
BOYD CORPORATION