UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AAVID THERMALLOY LLC,<br><br>Plaintiff,<br><br>v.<br><br>COOLER MASTER CO., LTD., et al.,<br><br>Defendants. | Case No. 17-cv-05363-JSW (LB)<br><br>**ORDER ADJUDICATING DISCOVERY DISPUTE**<br><br>Re: ECF Nos. 49, 52 |

## INTRODUCTION

Plaintiff Aavid Thermalloy LLC ("Aavid") brings this patent-infringement suit against defendants Cooler Master Co. Ltd. and CMI USA, Inc. (collectively, "Cooler Master"). Aavid holds three patents-at-issue that relate to "vapor chamber cooling devices" and alleges that Cooler Master makes vapor chambers that infringe on its patents. (Cooler Master Co. Ltd. has also filed a counterclaim against Aavid and its parent company Boyd Corp., alleging theft of trade secrets and other claims.)

Aavid moves to compel Cooler Master to provide discovery of designs and features of Cooler Master's vapor-chamber products not specifically identified in Aavid's Local Patent Rule 3-1(b)

infringement contentions.[1] Cooler Master argues that courts in this district generally deny discovery into products that have not been identified in a plaintiff's infringement contentions. Aavid argues that courts make an exception where the plaintiff could not have discovered the infringing products absent discovery. The court held a discovery hearing on May 10, 2018. For the following reasons, the court denies Aavid's motion to compel.

**STATEMENT**

Local Patent Rule 3-1 requires a party claiming patent infringement (here, Aavid) to serve all parties with a "Disclosure of Asserted Claims and Infringement Contentions." Local Patent Rule 3-1(b) provides that this disclosure must include:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process[.]

Aavid identified four products in its Rule 3-1(b) disclosure, identified as part numbers 430-046761, 430-046762, 430-046763, and 430-046764.[2] Aavid did not identify additional allegedly infringing products in its disclosure. Instead, it issued (1) a request that Cooler Master produce "[d]ocuments sufficient to identify each of the Products that Defendants have made, used, offered to sell, or sold within the United States, or imported into the United States, since January 1, 2017," (2) an interrogatory asking Cooler Master to "[i]dentify each Product that has been made, used, offered for sale, or sold within the United States or has been imported into the United States by Cooler Master since January 1, 2017, including part numbers, serial numbers, stock-keeping units (SKU), and any other Cooler Master or CMI part identifiers necessary to differentiate between each Product," and (3) a request that Cooler Master "[a]dmit that since January 1, 2017, Cooler

---

[1] *See* Joint Letter Br. – ECF No. 49 at 2; Joint Status Update Letter – ECF No. 52. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] May 10, 2018 Hr'g; *accord* Joint Letter Br. Ex 2 – ECF No. 49 at 11–12.

ORDER – No. 17-cv-05363-JSW (LB)     2

Master has offered to sell within the United States one or more Products."[3] For all of these requests, Aavid defined "Product" and "Products" as "Defendants' vapor chamber product(s) incorporating one or more mounting holes through the vapor chamber (regardless of the shape of the vapor chamber), such as the mounting holes identified below: [image omitted]."[4]

## ANALYSIS

The goal of Local Patent Rule 3-1 is to make discovery manageable, and to that end, courts in this district often deny discovery into products and instrumentalities that were not accused in the preliminary infringement contentions. *See Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) (citing cases). Courts have recognized an exception, however, and "have found that discovery of unaccused products is permissible 'if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery.'" *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5948159, at *3 (N.D. Cal. Oct. 14, 2015) (quoting *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC (DMR), 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012)). "In such circumstances, the plaintiff must 'articulate how the unknown accused products share the same, or substantially the same, infringing structure' with a named product." *Id.* (internal brackets omitted) (quoting *Infineon*, 2012 WL 6184394, at *3).

Aavid asserts that it cannot identify additional allegedly infringing products of Cooler Master's without discovery. Aavid, however, has not made a sufficient effort to identify allegedly infringing products of Cooler Master's. Aavid contends that it "has no reasonable means for determining all of the products that incorporate Defendants' vapor chambers" and that to identify all of Cooler Master's vapor-chamber products, it "would have to purchase every such product

---

[3] Joint Letter Br. Ex. 3 – ECF No. 49 at 13–14.

[4] Joint Letter Br. Ex. 2 – ECF No. 49 at 11.

ORDER – No. 17-cv-05363-JSW (LB)   3

that could conceivably incorporate a vapor chamber and disassemble the product" to examine it.[5] Perhaps Aavid is correct that it could not identify all of Cooler Master's products without purchasing every product that incorporates a vapor chamber. But Aavid could have tried to identify some of Cooler Master's products or bought some products that incorporate vapor chambers and examined them (or made other efforts to obtain and examine Cooler Master vapor chambers).[6] Other than conducting an unspecified internet search at an unspecified time, Aavid has not identified any efforts that it made to identify allegedly infringing products of Cooler Master's.

Aavid cites a declaration from an Aavid Vice President of Engineering and Technology that such efforts would be futile, because, among other things, the companies that buy vapor chambers and incorporate them into the companies' products usually prohibit vapor-chamber manufacturers from marking their vapor chambers with their name or logo, making it impossible for Aavid to identify which vapor chambers may have been made by Cooling Master.[7] But the Vice President does not cite any factual support for his assertion (such as, e.g., that he bought products that incorporated vapor chambers, disassembled them, and saw that the vapor chambers were in fact not marked).[8] The court will not excuse Aavid from the requirements of Patent Local Rule 3-1(b) and grant Aavid's discovery request into Cooler Master's product lines based on an assumption. *Cf. Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) ("While plaintiff's statements may not be untrue, they are based on assumptions. The Court will not order defendant to produce proprietary schematics for over 200 products based on an assumption."); *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341

---

[5] Joint Status Update Letter – ECF No. 52 at 2.

[6] At the May 10, 2018 hearing, Cooler Master represented that its products can be purchased on the open market. Aavid has not identified any efforts it has made to buy or examine any Cooler Master product.

[7] Joint Letter. Br. Ex. 1 (Gernert Decl.) – ECF No. 49 at 10 (¶ 5).

[8] Cooler Master has submitted a declaration and evidence that it does mark at least some of its vapor chambers. Joint Letter Br. Ex. 7 (Pokharna Decl.) – ECF No. 49 at 18 (¶ 3), 21 (¶ 11). It also asserted at the May 18, 2018 hearing that its products are commercially available.

1  YGR (JSC), 2013 WL 588760, at *4 (N.D. Cal. Feb. 13, 2013) (discovery is appropriate "only
2  upon a showing of a reasonable belief that such additional products actually exist and that they
3  cannot be discovered with publicly available information"); *see also Sage Electrochromics, Inc. v.
4  View Inc.*, No. C-12-06441 JST (DMR), 2013 WL 4777164, at *2–3 (N.D. Cal. Sept. 6, 2013)
5  (allowing discovery where the plaintiff "tried and failed" to obtain samples of the defendant's
6  products before serving its infringement contentions and described its unsuccessful efforts at a
7  discovery hearing).

Additionally, even assuming that Aavid could not identify any Cooler Master vapor-chamber products absent discovery, Aavid's discovery requests are overbroad. Aavid asks for documents and information regarding all of Cooler Master's "Products," which Aavid defines with two limitations: "[(1)] vapor chamber product(s) [(2)] incorporating one or more mounting holes through the vapor chamber[.]" Setting aside the issue of whether "vapor chamber product(s)" and "mounting holes through the vapor chamber" are sufficiently defined,[9] Aavid's discovery requests are overbroad, because they call for documents and information for products that do not necessarily share the same, or substantially the same, infringing structure as the allegedly infringing products that it has identified. To take one example, Aavid states that an element of its asserted patent claims is that "two bonded plates defin[e] a vapor chamber."[10] But Aavid does not limit its discovery requests to "Products" that conform to this limitation, and it does not explain how non-conforming products share the same, or substantially the same, infringing structure as allegedly infringing products. Aavid has not established why this discovery would be proper. *Cf. Monolithic*, 2015 WL 5948159, at *3 (to obtain discovery, "the plaintiff must 'articulate how the unknown accused products share the same, or substantially the same, infringing structure' with a named product") (quoting *Infineon*, 2012 WL 6184394, at *3); *Mediatek*, 2013 WL 588760, at *2

---

[9] Aavid's discovery requests do not define these terms, and Cooling Master argues that the meanings of terms are likely to be disputed during claim construction. Joint Letter Br. – ECF No. 49 at 7.

[10] *See* Joint Status Update Letter – ECF No. 52 at 2 n.1. Cooler Master further asserts that all of the asserted claims also require, among other things, a "boundary structure," a "circumferential edge lip bounding an inner surface," or an "edge lip that bounds a top surface and a bottom surface." *Id.* at 5.

ORDER – No. 17-cv-05363-JSW (LB)          5

("To require [defendant] to produce voluminous discovery related to every product which [defendant] determines contains any particular feature eviscerates the goal of the Patent Local Rules to streamline discovery by requiring the party claiming infringement to identify with particularity how each accused product infringes the patents-in-suit.").

## CONCLUSION

For the foregoing reasons, the court denies Aavid's motion to compel.

**IT IS SO ORDERED.**

Dated: May 10, 2018

_____
LAUREL BEELER
United States Magistrate Judge