IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAVID THERMALLOY LLC,<br><br>Plaintiff,<br><br>v.<br><br>COOLER MASTER, LTD. and CMI USA, INC.,<br><br>Defendants.<br>_____/ | No. C 17-05363 JSW<br><br>**ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW AND GRANTING UNOPPOSED MOTION TO AMEND INFRINGEMENT CONTENTIONS** |

Now before the Court is the motion to stay filed by Defendant Cooler Master Co, Ltd. and CMI USA, Inc. ("Defendants") pending the instituted *inter partes* review ("IPR") trials on the validity of the U.S. patents at issue in this matter before the United States Patent & Trademark Office Patent Trial and Appeal Board's ("PTAB"). This motion is fully briefed and ripe for decision. The Court finds this matter is suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 30, 2019 is HEREBY VACATED. Having considered the parties' pleadings and relevant legal authority, for the reasons set forth in this Order, the Court GRANTS Defendants' motion to stay.

In addition, the Court adopts the Report and Recommendation dated August 13, 2019 authored by Magistrate Judge Laurel Beeler to GRANT Plaintiff Aavid Thermalloy LLC ("Plaintiff")'s unopposed motion to amend its initial infringement contentions.

# BACKGROUND

Plaintiff filed suit on September 15, 2017 alleging that Defendants infringe U.S. Patent No. 7,066,240, U.S. Patent No. 7,100,679, and U.S. Patent No. 7,100,680 (collectively, the "Asserted Patents"). Defendants filed eight IPR petitions during October and November of 2018, and five of them have been instituted, covering every asserted claim in all Asserted Patents. On July 26, 2019, Defendants moved to stay this action pending *inter partes* review.

Any additional facts will be addressed as necessary in the remainder of this order.

# ANALYSIS

## A. Applicable Legal Standards.

Under Section 18(b) of the America Invents Act ("AIA"),

> the district court [should] consider the following four factors when deciding whether to grant a stay:
>
> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (quoting AIA § 18(b)(1)). The determination of whether to grant a stay is soundly within the Court's discretion. *See, e.g., In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985)). The factors are similar to the factors applied when a court evaluates a motion to stay in light of *inter partes* review or reexamination by the PTO. However, the fourth factor was added "in order to ease the movant's task in demonstrating the need for a stay." *GTNexus, Inc. v. Intra, Inc.*, No. C-11-2145 SBA, 2014 WL 3373088, at *2 (N.D. Cal. July 9, 2014) (citing *Market-Alerts Pty. Ltd. v. Bloomberg Financial L.P.*, 922 F. Supp. 2d 486, 489-90, 496 n.14 (D. Del. 2013) and *Zillow, Inc. v. Trulia, Inc.*, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013)).

### 1. Simplification of Issues.

In the context of reexamination review, a stay may be justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try infringement issues." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTO or the PTAB, or avoid needless waste of judicial resources. To the extent claims survive the reexamination process, the reexamination would "facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995); *see also Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

In the instituted IPR trials, Defendants have challenged every claim of the Asserted Patents. The PTAB's review could dispose of this matter in its entirety or significantly narrow the scope of the issues. The Federal Circuit has found, in the context of a CBM review, that such a situation "weighs heavily in favor of granting the stay." *See, e.g., VirtualAgility*, 759 F.3d at 1314; *cf. Slip Tracks Sys.*, 159 F.3d at 1341 (noting that "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled . . . , would eliminate the need to try infringement issues"). Even if the PTAB did not find all claims invalid, its rulings would likely clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement. The Court finds that a stay of this action pending *inter partes* review would simplify the issues and streamline the trial, thereby reduce the burden on and preserve the resources of both the parties and the Court.

The Court concludes that this factor weighs in favor of a stay.

### 2. Discovery and Trial Dates.

Although Plaintiff argues that this case was filed over two years ago and has faced challenges to proceed, it does not dispute that this case is now still in its early stages. Claims construction briefing has not yet been filed, Plaintiff has just succeeded in its effort to file amended infringement contentions, and this case has not been set for trial yet. The early stage of a litigation weighs in favor of granting a stay. *See Target Therapeutics*, 33 U.S.P.Q.2d at 2023 (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

The Court concludes that this factor weighs in favor of granting a stay.

### 3. Prejudice or Tactical Advantage.

In examining the prejudice or tactical advantage factor, courts have looked to the timing of both requests for review and requests for stays, the status of the IPR proceedings, and the relationship between the parties. *See, e.g., Market-Alerts,* 922 F. Supp. 2d at 489-90, 494; *see also In re Cygnus Telecom. Tech. LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (holding that in determining whether to grant a stay, courts consider any resulting undue prejudice on the nonmoving party). Plaintiff alleges that (1) this case has not advanced as it should have due to Defendants' delays, (2) as a direct competitor of Defendants, it may suffer real prejudice, and (3) it risks spoliation of evidence if a stay were to be granted. Although it appears to the Court that there have been delays on both sides, the Asserted Patents are set to expire so Plaintiff's allegations that it will suffer as a direct competitor are without merit. In addition, the Court finds that a stay to allow the PTAB to consider Defendants' *inter partes* review petitions will not deprive Plaintiff of the right to exclude others. *See, e.g., Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C-13-1401 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) ("if one or more independent (or dependent) claims are cancelled, then this action would not need to proceed on the merits for those specific invalid claims. On the other hand, if no asserted claims are cancelled or modified, this action may nevertheless benefit from the PTAB's findings."). Further, as there is no support for the assertion

4

that Plaintiff risks evidence spoliation during this temporary stay, the Court finds the spoliation argument speculative, factually unsupported, and unpersuasive.

On balance, the Court concludes that this factor weighs in favor of a stay.

### 4. Reduce the Burden of Litigation.

Plaintiff argues that a stay will only marginally simplify the resolution of issues and ease the burden of litigation. The Court is not persuaded by this argument and, even if true, would counsel in favor of a stay. Here, the PTAB has instituted five IPR trials covering all challenged claims in the Asserted Patents. As has been repeatedly stated in this District, "even if all the asserted claims survive [IPR], the case could still be simplified because [Defendant] would be bound by the estoppel provisions for [IPR] and thus could not raise before this Court any arguments that it raised or reasonably could have raised at the PTO in its petition." *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-14-1574 EMC, 2014 WL 3107447, at *4 (N.D. Cal. July 3, 2014) (citing *Evolutionary Intelligence v. Facebook, Inc.,* No. C-13-4020 SI, 2014 WL 261837, at *7-8 (N.D. Cal. Jan. 23, 2014); *see also Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3971 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Although there is no guarantee an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ('reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition' as opposed to 'substantial new question of patentability') gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions."). Additionally, even if an IPR will only simplify some, but not all, of the issues in a case, this factor will weigh in favor of a stay. *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-12-3864 EJD, 2012 WL 6020012, at *7 (N.D. Cal. Dec. 3, 2012).

On balance, the Court finds that this factor weighs in favor of a stay.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to stay and GRANTS Plaintiff's unopposed motion to amend its infringement contentions. The Clerk shall ADMINISTRATIVELY CLOSE this case.

5

The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the IPR proceedings every 120 days, until the stay is lifted. The parties shall provide notice to the Court within one week of final exhaustion of all proceedings relating to the patents at issue, including possible appeals. In their notice, the parties shall request that the stay be lifted, the matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: August 26, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE